**SCHNEER'S, INC., Plaintiff,**

v.

**Laurie W. TOMLINSON, Defendant.**

**Civ. A. No. 64–466.**

United States District Court
S. D. Florida,
Miami Division.

Aug. 18, 1965.

---

was paid in full within ninety days the ten percent charge was automatically abated. This provision was orally stated to the customer but the contracts did not so provide. The time payment contracts stated the amount of the carrying charge as a separate item.

4. The ten percent charge was not normally abated if the unpaid balance was paid after ninety days but before the expiration of the contract period; however, on some occasions, for certain special customers only, the ten percent charge was abated even though full payment was made after ninety days. The decision to abate the special charge in such cases was made by the plaintiffs manager on an individual customer basis.

5. The Commissioner of Internal Revenue determined that the ten percent charge was a part of the price for which the plaintiff sold its merchandise and deficiencies were assessed, paid and this action followed.

Sidney A. Soltz, Miami, Fla., for plaintiff.

A. M. Sapp, Asst. U. S. Atty., Miami, Fla., for defendant.

CHOATE, Senior District Judge.

This action for recovery of excise taxes was tried without a jury, and the Court having heard the evidence and considered the pleadings and briefs of the parties makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. This is an action for recovery of excise taxes and interest assessed and collected.

2. The plaintiff, during the period from January 1, 1960 through September 30, 1962 made sales on credit through time payment contracts. Such time payment contracts were for periods of from one to two years.

3. A charge of ten percent (10%) of the unpaid balance after the down payment was added to an account using the time payment contract. If the balance

### CONCLUSIONS OF LAW

1. 26 United States Code Annotated, Section 4051 provides:

"In determining, for the purposes of this chapter, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this chapter, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required by the foregoing sentence to be included) shall be excluded from the price only if the amount thereof is established to the satisfaction of the Secretary or his delegate, in accordance with the regulations. There shall also be excluded, if stated as a separate charge, the amount of any retail sales tax imposed by any State or Territory or political subdivision of the foregoing, or the District of Columbia, whether the lia-

bility for such tax is imposed on the vendor or the vendee. Aug. 16, 1954, 9:45 a. m., E.D.T.; c. 736, 68A Stat. 479." [§ 4051, Repealed, with savings clause, Pub.L. 89–44, Title I, § 101(b) (2), June 21, 1965, 79 Stat. 136.]

2. The ten percent charge on the time payment contracts in the instant case does not constitute "other charge" within the meaning of the statute. The ten percent charge is an arbitrary amount added to the price and is unrelated to any cost, length of contract, or method of computation. Such an arbitrary charge is a part of the price for which the goods are sold. Berman's Jewelry Store, Inc. v. United States, 198 F.2d 675 (4th Circuit 1952). See also, Rev.Rul. 57–437, 1957–2 Cum.Bull. 717.

3. Judgment for the defendant, in accordance with these findings shall be settled and submitted within ten days from date.